**United States** District Court
**Southern** District of Texas
FILED

DEC 3 1 2001

**Michael N. Milby**
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JESUS RAMIREZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| AFC ENTERPRISES, INC., | § |
| | § |
| Defendant. | § |

**B - 01 - 2 1 4**

Civil Action No. _____

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant AFC Enterprises, Inc. ("AFC")

files this Notice of Removal to this Court of the civil action filed against it by Plaintiff Jesus

Ramirez, and on the basis of the following facts that show this case is removable to this Court:

1.     On December 3, 2001, AFC, which operates Churchs Chicken restaurants, was

served with a copy of the Plaintiff's Original Petition filed on November 27, 2001 in the 138th

Judicial District Court of Willacy County, Texas (the "State Court"), Cause No. 01-359, styled

*Jesus Ramirez, Plaintiff v. AFC Enterprises, Inc., Defendant.*

2.     AFC is a nonsubscriber to the Texas Workers' Compensation Act.  Plaintiff's

Original Petition alleges that Plaintiff, a resident of Willacy County, Texas, was injured on or

about August 22, 2000 while employed by AFC as an employee at one of its Churchs Chicken

restaurants.  *Plaintiff's Original Petition at ¶¶ 1.1, 4.1.*  Plaintiff further alleges that he

"sustained serious and debilitating injuries to his left shoulder area" and "has endured a

substantial amount of pain due to a torn rotar [sic] cuff in his shoulder." *Id. at ¶¶ 4.1, 6.1.* He is

seeking damages for pain and mental anguish in the past and future, physical impairment in the

past and future, medical expenses in the past and future, loss of wages in the past and loss of future wage-earning capacity. *Id. at ¶ 6.1.*

3.      This Court has original jurisdiction over this civil action because the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different States. *28 U.S.C. § 1332(a)(1).* Plaintiff is a citizen of the State of Texas. *Plaintiff's Original Petition at ¶1.1.* Defendant AFC is a Minnesota corporation with its principal place of business in Atlanta, Georgia. *Id. at ¶ 1.2.* Although Plaintiff "pleads" for damages less than $75,000, *Id. at ¶ 6.3,* the amount in controversy, exclusive of interest and costs, clearly exceeds the sum or value of $75,000. *See Affidavit of Gary D. Sarles, attached hereto as Exhibit "A," and Exhibit attached thereto.*

4.      The time within which Defendant is required by 28 U.S.C. § 1446(b) to file this Notice of Removal has not yet expired, and the only Defendant, AFC, has joined in this removal.

5.      In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, attached to this Notice of Removal is: (1) a copy of all executed process in the case; (2) all pleadings asserting causes of action in the State Court; (3) all orders signed by the state judge (none); (4) a copy of the docket sheet; (5) an index of matters being filed; and (6) a list of all counsel of record, including addresses, telephone numbers, and parties represented. A copy of this Notice of Removal is also being filed with the State Court.

WHEREFORE, Defendant prays that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceeding in the State Court.

Respectfully submitted,

Gary D. Sarles
Attorney-In-charge
State Bar No. 17651100
Douglas C. Bracken
State Bar No. 00783697

**SARLES & OUIMET, L.L.P.**

370 Founders Square
900 Jackson Street
Dallas, Texas 75202-4436
Telephone: (214) 573-6300
Telecopier: (214) 573-6306

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this _28th_ day of December 2001, a true and correct copy of Defendant's Notice of Removal was forwarded via first class mail to Plaintiff's attorney of record, Aaron I. Vela, 600 South Closner, Edinburg Texas 78539.

Douglas C. Bracken

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JESUS RAMIREZ,                          §
                                        §
          Plaintiff,                    §
                                        §                    B - 01 - 214
v.                                      §   Civil Action No._____
                                        §
AFC ENTERPRISES, INC.,                  §
                                        §
          Defendant.                    §

## INDEX OF MATTERS BEING FILED

1.     Citation

2.     Plaintiff's Original Petition

3.     Defendant's Original Answer

4.     Civil Docket Sheet

5.     List of Counsel of Record

6.     Affidavit of Gary D. Sarles

7.     Civil Cover Sheet

# CITATION

THE STATE OF TEXAS

To   AFC Enterprises, Inn., Registered Agent of Process: Prentice-Hall Corporation

800 Brazos,

Austin, TX 78701

Defendant_____, in the hereinafter styled and numbered cause: 01-359

YOU ARE HEREBY COMMANDED to appear before the _____138th_____ Court _____

of _____Willacy_____ County, Texas, to be held at the courthouse of said county in the City of

_____Raymondville_____, _____Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _01-359_____, styled

_____

_____Jesus Ramirez_____, Plaintiff____,

vs. _____AFC Enterprises, Inc._____, Defendant____,

filed in said court on the __27th_ day of November , 20 01

Plaintiff is represented by _____Aaron I. Mela_____, whose

address is _600 South Closner_____  _____Edinburg,_____  _____Texas_____  _78539___
           street                        city                  state          zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the ____27th____ day of

_____November_____, 20 01

_____S.V. "Chago" Fonseca_____

District Clerk of _____Willacy_____ County, Texas

_____546 W. Hidalgo, 2nd Floor_____
Clerk's address
_____Raymondville, TX 78580_____

By _____ Deputy.

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

AFC ENTERPRISES, INC.
Registered Agent of Process:
PRENTICE-HALL CORPORATION
800 Brazos
Austin, TX 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
                                         3 DEC 2001

C. Signature
X                                        ☐ Agent
                                         ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

DEC 0 5 2001

MAIL RECEIPT

Postmark
Here

$

CAUSE NO. 01-359

| | | |
|---|---|---|
| JESUS RAMIREZ | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| vs. | § | 138th JUDICIAL DISTRICT |
| | § | |
| AFC ENTERPRISES, INC, | § | |
| Defendant | § | WILLACY COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES JESUS RAMIREZ**, Plaintiff, in the above entitled and numbered cause,

complaining of **AFC ENTERPRISES, INC.**, Defendant,   and for   cause of   action, would

respectfully show the Court:

## I.

## PARTIES

1 1     Plaintiff is an individual and residents of Willacy County, Texas.

1 2     Defendant, **AFC ENTERPRISES, INC.** is a corporation whose main office is in Atlanta

Georgia, and whose Registered Agent for Service of Process is Prentice-Hall Corporation may be

served with citation by *Certified Mail, Return Receipt Requested* at their place of business located

at **800 Brazos, Austin, Texas 78701.**  Issuance of citation is requested at this time.

## II.

## VENUE

2 1     Venue and jurisdiction is proper in Willacy County, Texas because all or a substantial part of

the events  at the center of this lawsuit occurred in Willacy County.



NOV 2 7 2001

Page 1

## III.

## DISCOVERY LEVEL

3.1    Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, discovery in this case will be conducted under Level 3

## IV.

## FACTS

4.1    On or about August 22, 2000, while Plaintiff, **JESUS RAMIREZ**, was in the course and scope of employment at the Churches Fried Chicken in Raymondville, Willacy County, Texas. Plaintiff, **JESUS RAMIREZ**, while performing his duties at his place of employment, was ordered by his immediate supervisor, Eddie Orosco, to assist him in moving a stove from one area of the premises to another.  Plaintiff, **JESUS RAMIREZ**, at the direction of Mr Orosco, began to assist him and shortly thereafter had to stop because a pain in his left shoulder area.  Since that date, Plaintiff, **JESUS RAMIREZ**, has endured a substantial amount of pain due to a torn rotar cuff in his shoulder

## V.

## NEGLIGENCE

5.1    Plaintiffs' suffered injuries that were proximately caused by Defendant's negligent actions and/or omissions, which consist of, but are not limited to the following:

    1)    Defendants failed to keep a proper lookout for the Plaintiffs' safety that would have been maintained by a person under the same or similar circumstances using ordinary care,

    2)    Defendants failed to take evasive action to avoid the incident which occurred to the Plaintiff as a person using an ordinary care would have under the same or similar circumstances; and

Page 2

5.2     Each of the aforementioned acts or omissions of Defendants were the proximate cause of the negligence and of the resulting damages and injuries to Plaintiff.

VI.

## DAMAGES

6.1     As a direct and proximate result of the incident made the basis of this lawsuit, Plaintiff **JESUS RAMIREZ** sustained serious and debilitating injuries to his left shoulder area. Plaintiff suffered the following damages as a result of the negligence of Defendants

     a.      Physical pain and mental anguish in the past and future;

     b.      Physical impairment in the past and future;

     c.      Medical expenses in the past;

     d.      Medical expenses in the future,

     e      Loss of wages in the past, and

     f.      Loss of future wage-earning capacity

6 2     All of the above damages were proximately caused by the negligent actions and/or omissions of Defendant.

6 3     Plaintiff affirmatively pleads for damages less than $75,000 00

     **WHEREFORE PREMISES CONSIDERED**, Plaintiff pray that the Defendants be cited to appear and answer herein, and that upon final hearing Plaintiff have judgment within the jurisdictional limits of this Court, as follows:

     1)      Judgment against defendant for its damages as set forth above, in an amount within the jurisdictional limits of the Court;

     2)      Prejudgment and postjudgment interest as provided by law;

     3)      All costs of suit; and

Page 3

4)    For such other and further relief to which Plaintiff may be justly entitled to receive

Respectfully submitted,

**LAW OFFICE OF AARON I. VELA**
600 South Closner
Edinburg, Texas 78539
Telephone (956) 381-4440
Facsimile (956) 381-4445

By: _____
        Aaron I. Vela
        State Bar No 00797598

**ATTORNEY FOR PLAINTIFF**

Page 4

No. 01-359

JESUS REMIREZ, § IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS
§
Plaintiff, §
§
v. § 138TH JUDICIAL DISTRICT
§
AFC ENTERPRISES, INC., §
§
Defendant. § WILLACY COUNTY, TEXAS

## DEFENDANT'S ORIGINAL ANSWER

Defendant AFC Enterprises, Inc. files this its Original Answer to Plaintiff's Original Petition and would respectfully show the Court as follows:

### GENERAL DENIAL

Defendant denies each and every one of the allegations in Plaintiff's Original Petition and demands that Plaintiff prove those allegations by a preponderance of the evidence.

### DEFENSES

1.     Plaintiff's claims, if any, are not properly before this Court, in that Plaintiff's Original Petition was filed in violation and breach of Plaintiff's written agreement, governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*, to submit all disputes between him and Defendant to binding arbitration before a neutral arbitrator from the American Arbitration Association.

2.     Defendant asserts that Plaintiff has failed to mitigate his damages, if any.

3.     Defendant is entitled to an offset to any recovery awarded to Plaintiff for all payments made to Plaintiff in the form of wage-replacement benefits and for all medical bills and related expenses paid on his behalf by Defendant.

4.      Further, Defendant would show that Plaintiff's own negligence was the sole cause of the accident and injury alleged by Plaintiff.

WHEREFORE, Defendant prays that this action be dismissed and Plaintiff ordered to submit his claims, if any, to the American Arbitration Association in accordance with his written arbitration agreement with Defendant, that Plaintiff be awarded a take-nothing judgment, that all costs of court be taxed against Plaintiff, and that Defendant be awarded any and all relief to which it is entitled.

Respectfully submitted,

Gary D. Sarles
State Bar No. 17651100
Douglas C. Bracken
State Bar No. 00783697

SARLES & OUIMET, L.L.P.
370 Founders Square
900 Jackson Street
Dallas, Texas  75202-4436
Telephone:  (214) 573-6300
Telecopier:  (214) 573-6306

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this _10th_ day of December, 2001 a true and correct copy of Defendant's Original Answer was forwarded via certified mail, return receipt requested, to Plaintiff's counsel of record, Aaron I. Vela, 600 South Closner, Edinburg Texas 78539.

Douglas C. Bracken

Defendant's Original Answer - Page 2

Case 1:01-cv-00214   Document 1   Filed in TXSD on 12/31/2001   Page 16 of 28

In the 138th District Court

| Number of Case | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|
| | | | | | Month | Day | Ye |
| 01-359 | Jesus Ramirez | Aaron L. Vela 600 South Closner Edinburg, TX 78539 | Negligence | Plff | 11 | 27 | 01 |
| | VS | | | | | | |
| | AFC ENTERPRISES INC. | Douglas C. Bracken 370 Founder Square 900 Jackson Street Dallas, TX 75202-4436 | | | | | |
| | | | | Jury Fee. $ | | | |
| | | | | Paid by | | | |
| | | Defl | | Jury No | | | |

FEE BOOK
Vol _____ Page _____

OF ORDERS
Mo. | Day | Year
Day | Year

ORDERS OF COURT

| Minute Book | | PROCESS |
|---|---|---|
| Vol. | Page | |
| | | Original Petition filed 11-27-01 |
| | | Citation Issued 11-27-01 AFC ENTERPRI |
| | | INC. (5)(1)1?.3)0? 12/4(H)(0) |
| | | Defendants Original Answer filed 12- |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| AFC ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

## LIST OF COUNSEL OF RECORD

Aaron I. Vela
Texas Bar No. 00797598
600 South Closner
Edinburg, Texas 78539
Telephone:  (956) 381-4440
Telecopier:  (956) 381-4445
**Attorney for Plaintiff**
**Jesus Ramirez**


Gary D. Sarles
Attorney in charge
Texas Bar No. 17651100
S.D. Bar No. 19735
Douglas C. Bracken
Texas Bar No. 00783697
S.D. Bar No. 22646
**SARLES & OUIMET, L.L.P.**
370 Founders Square
900 Jackson Street
Dallas, Texas  75202-4436
Telephone:  (214) 573-6300
Telecopier:  (214) 573-6306
**Attorneys for Defendant**
**AFC Enterprises, Inc.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| AFC ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

## AFFIDAVIT OF GARY D. SARLES

On this day Gary D. Sarles personally appeared before me, the undersigned notary public, and after first being sworn, testified as follows:

1.    My name is Gary D. Sarles.  I am over 21 years of age, have never been convicted of a felony, and am otherwise competent to make this Affidavit.  The statements made herein are true and correct and based upon my own personal knowledge.

2.    I am counsel of record in this lawsuit for the Defendant, AFC Enterprises, Inc. ("AFC").  In the course of defending this lawsuit, I obtained documents from the third party administrator of claims for AFC, GAB Robins ("GAB"), from GAB's claim file for Plaintiff, Jesus Ramirez.  Attached hereto as Exhibit 1 is a true and correct copy of a Settlement Brochure and cover letter dated June 22, 2001 sent to GAB from the Law Office of Aaron I. Vela, counsel for Mr. Ramirez in this matter.  In the Settlement Brochure, Mr. Vela demands $150,000.00 to settle this claim on behalf of his client.

_____
Gary D. Sarles

**EXHIBIT "A"**

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary public, on this

·28th day of December, 2001.

_Cynthia Perrio_

Notary Public in and for the State of Texas

CYNTHIA PERRIO
Notary Public State of Texas
My Commission Expires 07-30-05

# LAW OFFICE OF
# AARON I. VELA
*A Professional Corporation*

1 PASEO DEL PRADO, BLDG. 101
P.O. BOX 4550 (78540)
EDINBURG, TEXAS 78539

PHONE (956) 630.9990
FAX    (956) 630.9472

June 22, 2001

Ms. Teresa Blake
**GAB ROBINS NORTH AMERICA, INC.**
9000 Southwest Freeway, Ste. 400
Houston, Texas 77074-2020

VIA CMRRR #7000 1670 0001 4304 8371
VIA FACSIMILE (713) 270-3835

Re    Date of Injury       August 22, 2000
      Your Insured         AFC Enterprises, Inc
      Claimant:            Jesus Ramirez
      GAB Claim No.        45170-14738A

RECEIVED
JUN 2 5 2001
GAB HOUSTON

Dear Ms. Blake

This office was hired to represent Jesus Ramirez to assist him in resolving a claim he has against your insured, arising out of a personal injury to his left shoulder which occurred on or about August 22, 2000

Enclosed you will find claimant's settlement brochure, which includes all medical records and copies of medical statements totaling to $528 12 regarding the treatment and care of Jesus Ramirez.

I have provided you with sufficient information and documentation for your office to make a decision regarding this matter.

If you should have any questions or require anything else to assist you in your evaluation of this claim, please do not hesitate to contact me and/or my legal assistant, Diana Cerda.

Very truly yours,

*LAW OFFICE OF AARON I. VELA*

By:    Aaron I. Vela

AIV/dc

MR. TERESA BLAKE
GAB ROBINS NORTH AMERICA, INC.
June 22, 2001
Page 2

cc      Jesus Ramirez
        P O  Box 1227
        Raymondville, Texas 78580

RECEIVED

JUN 2 5 2001

GAB HOUSTON

# SETTLEMENT BROCHURE

Jesus Ramirez
vs.
AFC Enterprises, Inc /Churches
**Claim No. 45170-14738A**

Presented to:

Teresa Blake, Adjuster
GAB ROBINS NORTH AMERICA, INC
9000 Southwest Freeway, Ste  400
Houston, Texas 77074-2020

**PRESENTED BY:**

Aaron I. Vela
State Bar No  00797598
**LAW OFFICE OF AARON I. VELA**
1 Paseo del Prado, Bldg. 101
Edinburg, TX 78539
Telephone (956) 630-9990
Facsimile (956) 630-9472

RECEIVED

JUN 2 5 2001

GAB HOUSTON

# I.

## INTRODUCTION

This claim arises out of an incident which occurred on August 22, 2000, while our client was in the course and scope of employment of AFC/Churches at the Churches Chicken fast food restaurant in Raymondville, Willacy County, Texas. On that day, Mr Ramirez, while performing his duties at his place of employment, was ordered by his immediate supervisor, Eddie Orosco to assist him in moving a stove from one area of the premises to another  While following orders, Mr. Ramirez, at the direction of Mr Orosco, began to assist him and shortly thereafter had to stop and rest because a pain in his left shoulder area. Since that date, Mr Ramirez has endured a substantial amount of pain due to a torn rotator cuff in his left shoulder For the few months following the incident, Mr Ramirez believed that the shoulder pain would resolve by itself without the necessity of any medical treatment  However, as the pain continued to persist, he sought medical attention on his own, due to the fact that his employer did not provide him with health insurance and/or worker's compensation coverage.

# II.

## MEDICAL RECORDS AND COSTS

Mr Ramirez visited his family physician Dr Jesus Sinha as a result of the pain in his left shoulder. On his first visit to Dr Sinha's office, Mr Ramirez complained of chronic pain to his left shoulder  He was assessed with left shoulder strain and received a 160 mg injection of DepoMedrol to his left shoulder joint. He returned the next day for a follow up visit with continued left shoulder pain and was prescribed medication for his pain. He returned 2½ weeks later with continued left shoulder pain, wherein he was prescribed medication for pain and was referred to Dr. Bliss Clark, an orthopedic surgeon, because conservative treatment on the left shoulder was not resolving the pain.  X-rays were taken at Dr. Sinha's office which were forwarded to Dr. Clark's office.

RECEIVED
JUN 2 5 2001

On April 6, 2001, Mr Ramirez was seen by Dr Clark for the pain to his left shoulder. Dr Clark's report of April 6, 2001 indicates that Dr Sinha's prescriptions for medication and injections did not resolve Mr. Ramirez' pain. The report further indicates he has a positive impingement sign of his left shoulder with posttraumatic rotator cuff tendonitis. He received an injection on his first visit with Dr Clark, however, according to the records of April 11, 2001, there was no significant pain or relief as a result of the injection. Dr Clark prescribed Ultram and Celebrex for Mr Ramirez' pain and indicated if the pain cannot be managed with medication, an arthroscopic surgical decompressive procedure of the subacromial space would be necessary

Mr. Ramirez returned to Dr Clark's office on April 25, 2001, with continued pain, at which point Dr Clark further recommended the arthroscopic surgery to relieve the pain.

According to Dr Clark's correspondence of June 8, 2001, the estimated cost of surgery, along with hospitalization, anesthesiologist fee and physical therapy is $15,000 00 with approximately six (6) months of recovery time. To date, Mr. Ramirez has incurred total medical expenses in the amount of $528.12, and with estimated future medical expenses in the amount of $15,000.00

Furthermore, in addition to the aforementioned, Mr Ramirez has missed approximately three (3) weeks of work for total lost wages in the amount of $480 00  Additionally, Mr Ramirez is expected to be out of work to recover from his surgery for approximately six (6) months for total lost wages in the amount of $3,840.00.

## III.

## CONCLUSION

Prior to the August 22, 2000 incident, Mr Ramirez led a very active life which, for the most part included the day to day activities while under the employment of Churches Chicken. However, because as a direct result of his injury, Mr. Ramirez has not only suffered a tremendous amount of pain, he has also lost

RECEIVED
JUN 25 2001

a substantial amount of time from work, all as a direct result of the injury to his left shoulder, which occurred during his course and scope of employment with your insured. This injury has certainly impaired Mr. Ramirez ability to find substantially similar employment because of the reduced amount of physical activity for which he cannot perform

At this time, Mr. Ramirez has authorized us to make a demand to settle his claim. Because of the seriousness of his injuries and the clear liability on the part of your insured, and because the common law defenses normally available in the State of Texas, are unavailable to AFC/Churches because they are a non-subscriber, and due to the severity of the injury to Mr. Ramirez' shoulder, in light of the fact that the injury occurred as a result of direct orders from his immediate supervisor, which now requires surgery, our client has authorized us to make a demand of $150,000.00 or policy limits, whichever is less, for a full and final release of any and all claims against your insured, including the discharge and indemnity for medical, hospital, and other liens that may pertain to these claims.

We have provided you with sufficient information and documentation for your office to make a decision regarding this matter. We are making this offer to settle these claims at this time in order to prevent additional expenses and/or a lawsuit. We will hold this offer open for a period of twenty-one (21) days from the date of this letter. I believe this is sufficient time for you to review the information and make an evaluation regarding this claim. I look forward to your prompt response. Should you have any questions, please contact me.

RECEIVED

JUN 2 5 2001

GAB HOUSTON

-4-

Respectfully submitted,

Law Office of Aaron I. Vela
1 Paseo del Prado, Bldg. 101
Edinburg, Texas 78539
Telephone (956) 630-9990
Facsimile (956) 630-9472

By: _____
       Aaron I. Vela
       State Bar No  00797598

RECEIVED

JUN 2 5 2001

GAB HOUSTON

-5-