5

United States District Court
Southern District of Texas
FILED

JAN 2 8 2002

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS RAMIREZ | § | |
| Plaintiff | § | |
| vs. | § | CIVIL ACTION NO. B-01-214 |
| | § | |
| AFC ENTERPRISES, INC, | § | |
| Defendant | § | |

### PLAINTIFF'S MOTION TO REMAND

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

NOW COMES, **JESUS RAMIREZ**, Plaintiff, in the above styled and numbered cause, and files this, his Motion to Remand, and in support thereof, would respectfully show unto the Court as follows:

### I.

### BACKGROUND

On November 27, 2001, Plaintiff filed his Original Petition in the 138th Judicial District Court, Willacy County, Texas, Cause No. 01-359, styled Jesus Ramirez vs. AFC Enterprises, Inc. A true and correct copy of said petition is attached hereto as Exhibit "A". Plaintiff filed his petition as a result of a torn rotator cuff in his shoulder, which occurred during work hours, while following directions from his immediate supervisor. *Plaintiff's Original Petition* at ¶ 4.1.

As a result of Mr. Ramirez's injuries, he has incurred $528.12 in medical expenses. *Affidavit of Aaron I. Vela* at ¶ 2, attached hereto as Exhibit "B".

Plaintiff affirmatively pleaded for damages less than $75,000.00. *Plaintiff's Original Petition* at ¶ 6.3.

Defendant claims that this case is removable on the basis of diversity of citizenship because

Page 1

the amount in controversy exceeds the sum or value of $75,000.00. *Defendant's Notice of Removal* at ¶ 3. Defendant further claims that "although plaintiff 'pleads' for damages less than $75,000.00, the amount in controversy, exclusive of interest and costs, clearly exceeds the sum or value of $75,000 00." *Id.*

Solely because, in the negotiation process, Plaintiff demanded an amount in excess of the federal jurisdictional amount, Defendant would have this Court retain jurisdiction over this matter. *See Defendant's Notice of Removal* at ¶ 3. Defendant has not met its burden to prove that the amount in controversy exceeds the jurisdictional amount. Furthermore, Defendant's use of Plaintiff's pre-litigation demand is unfounded as said demand was contingent on the amount of insurance available and very negotiable.

## II.

## ARGUMENTS AND AUTHORITIES

Defendant has the burden to prove the amount in controversy actually exceeds the jurisdictional amount. 28 U.S.C §1441(a). Courts should strictly construe the removal statute. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-366 (5th Cir. 1995). Furthermore, all doubts must be resolved in favor of remand. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992).

Plaintiff would show that his demand was highly negotiable and that said demand was only made in an attempt to begin the negation process. *Affidavit of Aaron I. Vela* at ¶ 3. Plaintiff pleaded the maximum amount of damages, as set forth in his Original Petition, in good faith. *Id.* at ¶ 4.

On Plaintiff's Original Petition, alone, it is facially apparent that Plaintiff is pleading for damages less than the jurisdictional amount of this Court. *See Plaintiff's Original Petition* at ¶ 6.3.

The general federal rule is to decide the amount in controversy from the complaint itself.   Horton

v. Liberty Mutual Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961).

Defendant's attempt to create federal jurisdiction over this matter is unwarranted as Defendant is

aware that the total medical expenses of the Plaintiff is under $600.00.  Common sense dictates that

the amount in controversy in this matter is well below the jurisdictional limits of this court.  "[T]he

Court may bring 'common sense' to bear in making the amount in controversy determination "

Williams v. State Farm Mut. Auto. Ins. Co. 931 F. Supp. 469, 472, (S.D. Tex. 1995) *citing* Allen v.

R&H Oil & Gas Co., 63 F.3rd 1326 at 1336 (5th Cir. 1995).  Furthermore, the Original Petition filed

by Plaintiff contains all of the information regarding damages known to Plaintiff at that time.

*Affidavit of Aaron I. Vela* at ¶ 4.

Plaintiff did not plead for less than $75,000.00 in bad faith.  Plaintiff has already stipulated in

his Original Petition, that he will not be seeking damages in excess of $75,000.00.  *Plaintiff's*

*Original Petition* at ¶ 6.3.  Plaintiff has proffered evidence before this court that his damages are less

than $75,000.00.  *Affidavit of Aaron I. Vela* at ¶ 5.

Damage stipulations filed before a federal district has passed upon its determination of

jurisdiction are permissible if they *clarify* as opposed to *amend* an original petition. *See*  Cross v. Bell

Helmets, U.S.A., 927 F. Supp. 209, 214 (E.D. Tex. 1996) ("If a Plaintiff binds itself to collect an

amount in damages below the jurisdictional requisite necessary for federal removal by stipulation in

state court, then a defendant cannot invoke federal removal jurisdiction because the amount in

controversy requirement will not have been satisfied."); *See also* Asociacion Nacional v. Dow

Quimica, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d

653 (1994) (The Court held opposed removal affidavits clarified a petition that left the jurisdictional

question ambiguous and further held that subsequently proffered evidence may be considered if the Court is still examining the jurisdictional facts as of the time of removal).

Plaintiff can establish that removal is improper because he has filed a binding stipulation and/or affidavit stating that he will not seek an amount of damages that meets or exceeds the minimum amount in controversy. 28 U.S.C.A. §1332; See also St. Paul Reinsurance Co. v. Greenberg, 134 F.3rd 1250. (In Texas, litigants who want to prevent removal must file a binding stipulation or affidavit showing amount in controversy does not exceed jurisdictional amounts).

Furthermore, this Court has the authority to look at damage awards in similar type cases to determine whether or not the amount in controversy is within the jurisdictional limits of this Court. Cross v. Bell Helmets at 214; De Aguilar v. Boeing Co., 790 F. Supp. 693, 694 (E.D. Tex. 1992), aff'd, 11 F.3d 55 (5th Cir. 1993). Defendant has not met its burden of proof that the damage awards in similar type cases exceed the jurisdictional amount of this court. Therefore, this court should remand this case to State District Court.

## III.

## ATTORNEY'S FEES AND COSTS

Pursuant to 28 U.S.C. § 1447 (c), Plaintiff requests this Court to award payment of just costs, expenses, and attorney's fees, incurred as a result of the Defendant's removal.

## IV.

## CONCLUSION

Defendant has not met its burden of proof that this case is within the jurisdictional limits of this Court. Further, Plaintiff's stipulation that he is seeking damages less than $75,000.00 deprives

this Court of the requisite amount in controversy necessary for diversity cases; therefore this case should be remanded.

      **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Court remand this action to the 138th District Court of Willacy County, Texas, where it was originally filed, and for such other and further relief to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

_____

Aaron I. Vela
Federal I.D. No. 21088
State Bar No 00797598
Law Office of Aaron I. Vela
600 South Closner
Edinburg, Texas 78539
Telephone (956) 381-4440
Facsimile (956) 381-4445

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I, hereby certify that on the 24th day of January, 2002, my office contacted the attorney for the Defendant, Douglas C  Bracken regarding the substance of this Motion and he was opposed to the substance of this Motion.

_____
Aaron I. Vela


## CERTIFICATE OF SERVICE


I, **HEREBY CERTIFY** that on this 28TH day of January, 2002, a true and correct copy of the foregoing document was mailed  by certified mail, return receipt requested to the following counsel of record:

Douglas C. Bracken
**SARELES & OUIMET, L.L.P.**
370 Founders Square
900 Jackson Street
Dallas, Texas 75202-4436

_____
Aaron I. Vela

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

JESUS RAMIREZ          §
       Plaintiff          §
vs.                  §         CIVIL ACTION NO. B-01-214
                     §
AFC ENTERPRISES, INC,    §
       Defendant       §

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

On the _____ day of _____, 2002, came on to be considered Plaintiff's Motion to Remand in the above-entitled and numbered cause. The Court, after considering the evidence, motions and arguments of counsel, is of the opinion that such Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and the above styled and numbered cause is hereby remanded to the 138th Judicial District Court, Willacy County, Texas, under Cause No 01-359.

**SIGNED** this _____ day of _____ 2002.

_____
**UNITED STATES DISTRICT JUDGE**

CAUSE NO. 01-359

| | | |
|---|---|---|
| JESUS RAMIREZ | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| vs. | § | 138th JUDICIAL DISTRICT |
| | § | |
| AFC ENTERPRISES, INC, | § | |
|     Defendant | § | WILLACY COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES JESUS RAMIREZ,** Plaintiff, in the above entitled and numbered cause,

complaining of **AFC ENTERPRISES, INC.,** Defendant, and for cause of action, would

respectfully show the Court:

### I.

### PARTIES

1.1 Plaintiff is an individual and residents of Willacy County, Texas.

1.2 Defendant, **AFC ENTERPRISES, INC.** is a corporation whose main office is in Atlanta

Georgia, and whose Registered Agent for Service of Process is Prentice-Hall Corporation may be

served with citation by *Certified Mail, Return Receipt Requested* at their place of business located

at **800 Brazos, Austin, Texas 78701.** Issuance of citation is requested at this time.

### II.

### VENUE

2.1 Venue and jurisdiction is proper in Willacy County, Texas because all or a substantial part of

the events at the center of this lawsuit occurred in Willacy County

Page 1

EXHIBIT
"A"



## III.

## DISCOVERY LEVEL

3 1     Pursuant to Rule 190 3 of the Texas Rules of Civil Procedure, discovery in this case will be

conducted under Level 3

## IV.

## FACTS

4.1     On or about August 22, 2000, while Plaintiff, **JESUS RAMIREZ**, was in the course and

scope of employment at the Churches Fried Chicken in Raymondville, Willacy County, Texas.

Plaintiff, **JESUS RAMIREZ**, while performing his duties at his place of employment, was ordered

by his immediate supervisor, Eddie Orosco, to assist him in moving a stove from one area of the

premises to another.  Plaintiff, **JESUS RAMIREZ**, at the direction of Mr.Orosco, began to assist

him and shortly thereafter had to stop because a pain in his left shoulder area.  Since that date,

Plaintiff, **JESUS RAMIREZ**, has endured a substantial amount of pain due to a torn rotar cuff in his

shoulder.

## V.

## NEGLIGENCE

5.1     Plaintiffs' suffered injuries that were proximately caused by Defendant's negligent actions

and/or omissions, which consist of, but are not limited to the following:

1)      Defendants failed to keep a proper lookout for the Plaintiffs' safety that would have
        been maintained by a person under the same or similar circumstances using ordinary
        care.

2)      Defendants failed to take evasive action to avoid the incident which occurred to the
        Plaintiff as a person using an ordinary care would have under the same or similar
        circumstances; and

5.2     Each of the aforementioned acts or omissions of Defendants were the proximate cause of the

negligence and of the resulting damages and injuries to Plaintiff

## VI.

## DAMAGES

6.1     As a direct and proximate result of the incident made the basis of this lawsuit, Plaintiff **JESUS**

**RAMIREZ** sustained serious and debilitating injuries to his left shoulder area.  Plaintiff suffered the

following damages as a result of the negligence of Defendants:

        a.     Physical pain and mental anguish in the past and future;

        b.     Physical impairment in the past and future;

        c.     Medical expenses in the past;

        d.     Medical expenses in the future;

        e.     Loss of wages in the past; and

        f.     Loss of future wage-earning capacity.

6.2     All of the above damages were proximately caused by the negligent actions and/or omissions

of Defendant.

6.3     Plaintiff affirmatively pleads for damages less than $75,000.00.

      **WHEREFORE PREMISES CONSIDERED**, Plaintiff pray that the Defendants be cited

to appear and answer herein, and that upon final hearing Plaintiff have judgment within the

jurisdictional limits of this Court, as follows:

      1)     Judgment against defendant for its damages as set forth above, in an amount within
          the jurisdictional limits of the Court;

      2)     Prejudgment and postjudgment interest as provided by law;

      3)     All costs of suit; and

4)      For such other and further relief to which Plaintiff may be justly entitled to receive.


Respectfully submitted,

**LAW OFFICE OF AARON I. VELA**
600 South Closner
Edinburg, Texas 78539
Telephone (956) 381-4440
Facsimile (956) 381-4445


By:_____
        Aaron I. Vela
        State Bar No.00797598

**ATTORNEY FOR PLAINTIFF**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS RAMIREZ | § | |
|     Plaintiff | § | |
| vs. | § | CIVIL ACTION NO. B-01-214 |
| | § | |
| AFC ENTERPRISES, INC, | § | |
|     Defendant | § | |

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | **AFFIDAVIT** |
| **COUNTY OF HIDALGO** | § | |

**BEFORE ME**, the undersigned authority on this day personally appeared **AARON I. VELA** known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath states as follows:

1.    "My name is **AARON I. VELA**. I am over eighteen (18) years of age and of sound mind, have never been convicted of a felony; and I am fully competent to testify to the matters stated herein because I have personal knowledge of every statement made herein. I am the attorney representing Plaintiff, Jesus Ramirez in the case originally filed in the 138th Judicial District Court, Willacy County, Texas, under Cause No. 01-359, styled *Jesus Ramirez vs. AFC Enterprises, Inc.*

2.    "Prior to filing suit, my office obtained medical records of the medical providers who treated Mr Ramirez. To date, those records indicate that Mr. Ramirez has incurred $528.12 in medical expenses as a result of Mr. Ramirez' injuries.

3.    "In the process of attempting to resolve this matter prior to litigation, we received no positive response. At that time, we felt that we had no choice but to initiate the lawsuit against the Defendant. Any demands made prior to litigation were highly negotiable. The demands made prior to litigation were made in an attempt to began the negotiation process, as our claims were denied by the Defendant's carrier.

4.    "When Plaintiff's Original Petition was prepared and filed, the maximum amount of damages plead by Plaintiff were made in good faith. The Original Petition filed by Plaintiff contains all the information regarding the damages known to Plaintiff at that time.

5.    "Plaintiff is willing to clarify this Original Petition by filing a stipulation and/or Affidavit binding him to less than $75,000.00."



SIGNED on _JANUARY 28_ , 2002.

AARON I. VELA

**SUBSCRIBED AND SWORN TO** before me on January _28_ , 2002 by **AARON I. VELA**.



Carmen Torres
Notary Public, State of Texas

**Page 2**