IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JESUS RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-01-214 |
| | § | |
| AFC ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

COMES NOW, Defendant AFC Enterprises, Inc. ("AFC"), and files Defendant's Response to Plaintiff's Motion to Remand, respectfully showing the Court the following:

### I. SUMMARY OF RESPONSE

AFC properly removed this case based on diversity jurisdiction and, pursuant to Fifth Circuit authority, established by a preponderance of the evidence that the amount in controversy was greater than $75,000. AFC's evidence established that Plaintiff's Original Petition should have indicated damages well in excess of the jurisdictional minimum, but Plaintiff instead alleged damages to be in an amount less than $75,000 in an attempt to manipulate and avoid this Court's diversity jurisdiction over this case. Plaintiff has come forward with no evidence to establish to a legal certainty that the amount in controversy was actually less than $75,000. The affidavit of Plaintiff's counsel does not deprive this Court of the jurisdiction vested in it by Defendant's Notice of Removal, and no other post-removal affidavit or stipulation can divest this Court of jurisdiction. AFC therefore respectfully requests that Plaintiff's Motion to Remand be denied, and that this Court also grant AFC's Motion to Dismiss (or compel arbitration), which is also currently pending before this Court.

- 1 -

## II. FACTUAL BACKGROUND

On December 3, 2001, AFC, which operates Churchs Chicken restaurants, was served with a copy of the Plaintiff's Original Petition filed on November 27, 2001 in the 138th Judicial District Court of Willacy County, Texas (the "State Court"), Cause No. 01-359, styled *Jesus Ramirez, Plaintiff v. AFC Enterprises, Inc., Defendant.* Plaintiff's Original Petition alleges that Plaintiff, a resident of Willacy County, Texas, was injured on or about August 22, 2000 while employed by AFC as an employee at one of its Churchs Chicken restaurants. *Plaintiff's Original Petition at ¶¶ 1.1, 4.1.* Plaintiff further alleges that he "sustained serious and debilitating injuries to his left shoulder area" and "has endured a substantial amount of pain due to a torn rotar [sic] cuff in his shoulder." *Id. at ¶¶ 4.1, 6.1.* He is seeking damages for pain and mental anguish in the past and future, physical impairment in the past and future, medical expenses in the past and future, loss of wages in the past and loss of future wage-earning capacity. *Id. at ¶ 6.1.*

AFC timely answered and removed this case on the basis of diversity jurisdiction on December 31, 2001. Plaintiff has not contested the timeliness of the removal. *See, generally, Plaintiff's Motion to Remand.* The Notice of Removal established diversity of parties -- Plaintiff is a citizen of Texas while AFC is a Minnasota corporation with its principal place of business in Atlanta, Georgia. *Defendant's Notice of Removal at ¶ 3, citing 28 U.S.C. § 1332(a)(1) and Plaintiff's Original Petition at ¶¶ 1.1, 1.2.* The Notice of Removal also established -- based on the Affidavit of Gary D. Sarles ("Sarles Affidavit") attached to it -- that the amount in controversy clearly exceeded $75,000.00 even though Plaintiff's Original Petition "affirmatively pleads for damages less than $75,000.00." *Plaintiff's Original Petition at ¶ 6.3; Defendant's Notice of Removal at ¶ 3, Exhibit "A."* The Sarles Affidavit attached a settlement demand from Plaintiff's counsel in the amount of $150,000.00.

Plaintiff's counsel, Aaron Vela, sent to AFC's third party administrator of claims a letter in which Mr. Vela acknowledged that Plaintiff's medical expenses totaled only $528.12, but which nonetheless attached a "Settlement Brochure" demanding $150,000.00. *Defendant's Notice of Removal at ¶ 3, Exhibit "A."* The Settlement Brochure detailed additional categories of damages, including damages for a surgery yet to be performed, future lost wages, and "tremendous" pain and suffering. *Settlement Brochure at 3-4.* The Settlement Brochure further based its demand on the "seriousness" and "severity" of Plaintiff's injuries. *Id. at 4.*

Consequently, this case has been properly removed, and AFC also requested at the same time that this Court dismiss this case or compel arbitration pursuant to an existing arbitration agreement between the parties. *Motion to Dismiss at 7, n.3.* AFC is a nonsubscriber to the Texas Workers' Compensation Act. AFC filed Defendant's Motion to Dismiss and Brief in Support (the "Motion to Dismiss") on the basis of the "Value Deal Agreement" -- a valid arbitration agreement -- Plaintiff had signed on April 4, 2000. *Id. at Exhibit 4.* The Motion to Dismiss is still pending.

On January 28, 2002, however, Plaintiff filed Plaintiff's Motion to Remand (the "Motion to Remand"). Attached to the Motion to Remand was the affidavit of Plaintiff's Counsel, Aaron Vela ("Vela Affidavit"). In the Vela Affidavit, Plaintiff's counsel testified under oath essentially that Plaintiff's medical expenses are $528.12 and that he pled damages in the Original Petition in good faith. *Vela Affidavit at ¶¶ 2, 4.* Mr. Vela further testified that he is *willing* to file *another* affidavit or stipulation binding Plaintiff to damages less than $75,000.00. *Id. at ¶ 5.* However, there is no binding stipulation or affidavit regarding damages or the amount in controversy from Plaintiff or his counsel before the Court at this time. Moreover, no post-removal affidavit or stipulation may deprive this Court of its diversity jurisdiction over this matter.

# III. ARGUMENT

Plaintiff's Motion to Remand alleges that there is no subject matter jurisdiction in the federal court over this matter removed on the basis of diversity jurisdiction because the amount in controversy does not exceed $75,000. *Motion to Remand at 2.* Plaintiff bases his Motion to Remand on his Original Petition and on the Vela Affidavit in which Plaintiff's counsel testified that he is willing to file another affidavit or a stipulation for damages less than $75,000.00. *Id. at 1, Vela Affidavit at ¶ 5.* Plaintiff's Motion to Remand should be denied because AFC established that the amount in controversy exceeds $75,000, and Plaintiff failed to establish to a legal certainty that the amount in controversy is less than $75,000.

## A. AFC established that the amount in controversy exceeded $75,000.

The Motion to Remand first erroneously relies on the Original Petition as dispositive of the amount in controversy in this matter. *Motion to Remand at 2-3.* However, as a case cited elsewhere in Plaintiff's own Motion to Remand makes clear, the Original Petition is not dispositive because AFC is allowed to rebut Plaintiff's damages pleading to avoid his manipulation of federal jurisdiction.

> As a general rule, a plaintiff may avoid diversity jurisdiction by pleading state court damages below the amount necessary to invoke diversity jurisdiction. However, in Texas where a plaintiff as a legal matter can recover more than the damages plead in its petition, a plaintiff who pleads less than the federal jurisdictional requisite cannot always foreclose removal.

*Cross v. Bell Helmets, U.S.A.*, 927 F.2d 209, 212-13 (E. D. Tex. 1996); *Motion to Remand at 3.* The *Cross* opinion elaborated:

> If a plaintiff *stipulates* that it will seek to collect damages below the jurisdictional requisite ([$75,000]), then a plaintiff will foreclose removal to federal court under diversity jurisdiction. If, however, a plaintiff merely *prays* for damages below the jurisdictional requisite, the defendant may show that the actual amount in controversy exceeds the prayer for damages.

- 4 -

*Id.* at 213 n. 6 (emphasis added). In other words, Plaintiff could have initially avoided removal only if he had stipulated to damages less than $75,000 in his claims.

Plaintiff did not stipulate at any time that his damages would be below $75,000. Instead, Plaintiff attempted to avoid removal jurisdiction in his Original Petition by "affirmatively plead[ing] for damages less than $75,000.00."[1] *Original Petition* at ¶6.3. Plaintiff merely prayed for or pled damages in his Original Petition in an amount less than $75,000. He did not limit himself to $75,000, and, even if he had, he could still amend his pleadings. Since Plaintiff never made any actual *stipulation*, AFC had the opportunity to show that the actual amount in controversy exceeded Plaintiff's pleading. *Cross*, 927 F.2d at 213.

In a situation like this one where the plaintiff has alleged (or attempted to allege) a specific amount in controversy, the Fifth Circuit has provided a procedure to prevent the manipulation and avoidance of federal jurisdiction. *Aguilar v Boeing Co.*, 47 F.3d 1404, 1410-11 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995). "In cases where an exact amount in controversy has been pled, if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was *legally certain* not to be able to recover that amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 n.14 (5th Cir. 1995)(emphasis added; citing *Aguilar*, 47 F.3d at 1412)[2]; *see Motion to Remand at 3-4* (citing *Williams v. State Farm Mutual Automobile Ins. Co.*, 931 F. Supp. 469, 471 n.3 (S. D. Tex. 1995); *Cross*, 927 F. Supp. at 213, further supporting Plaintiff's burden). AFC discharged its burden at the time it removed this

---

[1] Plaintiff's claims in this case should be for unliquidated tort damages, and the Original Petition should have contained "*only* the statement that the damages sought are within the jurisdictional limits of the court." TEX. R. CIV. P. 47(b)(emphasis added); *see Aguilar*, 47 F.3d at 1408 (specific damages pled in apparent violation of Rule 47).

[2] The court also characterized "legally certain" to be "as a matter of law." *Aguilar*, 47 F.3d at 1411.

case by establishing through the Sarles Affidavit that the amount in controversy exceeded $75,000.00. The Sarles Affidavit attached Mr. Vela's Settlement Brochure demanding $150,000 despite Mr. Vela's express acknowledgment in his accompanying cover letter that the medical bills were only $528.12. *See attachments to Sarles Affidavit.*

### B. Plaintiff has failed to rebut AFC's evidence.

Once AFC met its burden, the burden of producing the evidence shifted back to Plaintiff to establish -- to a *legal certainty* -- that his claims were for an amount less than $75,000.00. *Allen*, 63 F.3d at 1335; *Aguilar*, 47 F.3d at 1412; *Williams*, 931 F. Supp. at 471 n.3. However, Plaintiff has failed to come forward with any evidence that the amount in controversy was less than $75,000 at the time of removal.

### 1. The Vela Affidavit is not evidence.

Plaintiff asserts in his Motion to Remand that he has already "filed a binding stipulation and/or affidavit stating that he will not seek an amount of damages that meets or exceeds the minimum amount in controversy." *Motion to Remand at 4.* However, to date, Plaintiff has failed to file any such affidavit or stipulation to rebut AFC's evidence of the amount in controversy. *See, generally, Motion to Remand, Original Petition.* Instead, Plaintiff has only filed the Vela Affidavit. The Vela Affidavit merely stated that: (1) Mr. Vela is the attorney for Plaintiff in this matter; (2) Plaintiff's medical records indicate Plaintiff has incurred $528.12 in medical expenses as of the date of the affidavit; (3) any demands made by Plaintiff prior to suit were negotiable; (4) the maximum amount of damages pled in the Original Petition were pled in good faith; and (5) Plaintiff is willing to clarify the Original Petition by stipulation or affidavit. *Vela Affidavit at ¶¶1-5, respectively.*

The Vela Affidavit, like the Original Petition, does not stipulate that damages are less than $75,000. In fact, the Vela Affidavit essentially admits that Plaintiff has yet to file any stipulation or affidavit regarding damages by stating that Plaintiff is willing to file a stipulation or affidavit in the future. *Vela Affidavit* at ¶ 5.

### 2. Plaintiff is not allowed to file a post-removal affidavit or stipulation.

Plaintiff further asserts that he should be able to file another affidavit or stipulation "clarifying" -- rather than "amending" -- his damages claimed in his Original Petition. *Motion to Remand at 3-4* (citing *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.* (hereinafter "*ANPAC*"), 988 F.2d 559 (5th Cir. 1993, *cert. denied*, 114 S. Ct. 685 (1994), *abrogated on other grounds, Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)). In the *ANPAC* case on which Plaintiff relies, the court allowed the plaintiffs' post-removal affidavits to "clarify" the "ambiguous" state court petition. *Id.* The Fifth Circuit later distinguished *ANPAC* as an "unusual" and "narrowly drawn" case. *Marcel v. Pool Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993). The Fifth Circuit further distinguished *ANPAC* in *Aguilar*, because, as in this case, the plaintiffs in *Aguilar* specifically pled damages below diversity jurisdictional limits, whereas the plaintiffs in *ANPAC* did not. *Aguilar*, 47 F.3d at 1408 n.4. Since Plaintiff has already pled his damages to be below $75,000, like the plaintiffs in *Aguilar*, he should not be allowed to file another affidavit "clarifying" the Original Petition. *Aguilar*, 47 F.3d at 1408 n.4. Regardless, this case does not fall within the narrow parameters of the *ANPAC* opinion.

The other case Plaintiff cites -- the *Cross* opinion previously discussed herein -- also does not support his argument because no specific dollar amount was originally pled in *Cross* either. *Motion to Remand at 3* (citing *Cross*, 927 F.2d at 214). Moreover, the court found that no post-removal amendments or stipulations lowering the amount of damages requested could divest a

court's jurisdiction, and further denied the plaintiff's motion to amend and motion to remand. *Cross*, 927 F.2d at 216 (citing *Allen*, 63 F.3d at 1336). Plaintiff should likewise not be allowed to file any post-removal amendment or stipulation in an effort to avoid this Court's jurisdiction.

### 3. "Good faith" is not the standard -- Plaintiff must establish a "legal certainty."

The Motion to Remand further asserts that Plaintiff pled damages in "good faith" in the Original Petition in an apparent effort to rely on the rationale of *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938), which provided that *when a plaintiff originally files his case in federal court*, the amount in controversy claimed in "good faith" in the complaint controls, unless it can be proved to a "legal certainty" that the claim was really for less than the jurisdictional amount. *See Motion to Remand at 3, Vela Affidavit at ¶4*. According to the Fifth Circuit in *Aguilar*, however, remand cases are different, requiring in this case that Plaintiff establish to a "legal certainty" that the amount in controversy was less than $75,000 once AFC established that it exceeded $75,000. *See supra*. Mr. Vela's "good faith" does not establish to a "legal certainty" that the amount in controversy in this case was actually less than $75,000.

### 4. Common Sense actually dictates that damages are in excess of $75,000.

Similarly, Plaintiff's argument that the Court should consider "common sense" likewise does not establish to a "legal certainty" that the amount in controversy did not exceed $75,000. *See Motion to Remand at 3*. Plaintiff urges that common sense dictates that his claims could not be worth $75,000 because Plaintiff's medical expenses are less than $600.00. *Id.* However, Plaintiffs' counsel acknowledged in his June 22, 2001 letter that the medical expenses were only $528.12, and yet he attached to that letter the Settlement Brochure containing a demand of $150,000.00 based on other categories of damages. *See attachments to Sarles Affidavit*. Since the same medical expenses and categories of damages were asserted in the Original Petition as in

the letter and Settlement Brochure, it seems *common sense* would actually dictate that the damages asserted in the Original Petition would likewise be the same as in the Settlement Brochure. Instead, however, Plaintiff's alleged damages in the Original Petition were much less -- coincidentally less than the federal jurisdictional amount of $75,000.

Clearly, Plaintiff was merely attempting to manipulate and avoid federal jurisdiction. *See Aguilar*, 47 F.3d at 1408 ("as a functional matter, [Plaintiff is] attempting to avoid federal jurisdiction" by announcing "a ceiling that, conveniently, is barely within the statutory limit"). The Fifth Circuit has clearly frowned on such manipulation, going so far as to label it a form of pleading in bad faith -- regardless of Mr. Vela's protestations to the contrary. *Id.* at 1410. Since the face of the Original Petition will not control in such circumstances, Plaintiff's Motion to Remand should be denied. *Id.*

## IV. CONCLUSION

Based on the Settlement Brochure and cover letter that preceded it, Plaintiff's Original Petition should have indicated damages well in excess of the jurisdictional minimum; however, Plaintiff instead filed an Original Petition alleging damages to be less than $75,000 in an attempt to manipulate and avoid the jurisdiction of this Court. Pursuant to Fifth Circuit authority, AFC properly removed the case and established by a preponderance of the evidence that the amount in controversy was greater than $75,000. Plaintiff has failed to come forward with any evidence to establish to a legal certainty that the amount in controversy was actually less than $75,000 at the time of removal. The Vela Affidavit does not deprive this Court of the jurisdiction vested in it by Defendant's Notice of Removal, and no other post-removal affidavit or stipulation can divest this Court of its jurisdiction. AFC therefore respectfully requests that Plaintiff's Motion to Remand be denied, and that AFC's Motion to Dismiss (or compel arbitration) be granted.

Respectfully submitted,

*Douglas Bracken*
_____
Gary D. Sarles
Attorney-in-charge
Texas Bar No. 17651100
S.D. Bar No. 19735
Douglas C. Bracken
Texas Bar No. 00783697
S.D. Bar No. 22646

**SARLES & OUIMET, L.L.P.**
370 Founders Square
900 Jackson Street
Dallas, Texas 75202-4436
Telephone: (214) 573-6300
Telecopier: (214) 573-6306

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this __13th__ day of February, 2002, a true and correct copy of this Response to Plaintiff's Motion to Remand was forwarded via U.S. mail, postage prepaid, to Plaintiff's counsel of record, Aaron I. Vela, 600 South Closner, Edinburg Texas 78539.

*Douglas Bracken*
_____
Douglas C. Bracken