IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 0 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JESUS RAMIREZ, <br> Plaintiff, | § <br> § <br> § | |
| v. | § | C.A. B-01-214 |
| AFC ENTERPRISES, INC., <br> Defendant. | § <br> § <br> § <br> § | |

ORDER

BE IT REMEMBERED that on May 7, 2002, the Court **DENIED** Plaintiff's Motion to Remand and **DENIED** Plaintiff's request for an award of reasonable attorneys' fees and costs pursuant to 28 U.S.C. §1447 [Dkt. No. 5].

I   Background

Plaintiff, a resident of Willacy County, was injured on or about August 22, 2000 while an employee at a Church's Chicken Restaurant owned by Defendant AFC. [See Dkt. No. 1 Attachment 1; Dkt. No. 5 Ex. A]. He alleges injuries to his left shoulder area, a torn rotator cuff, and a substantial amount of pain due to these injuries. [Id.] He seeks damages for pain and mental anguish (past and future), physical impairment (past and future), medical expenses (past and future) lost wages, and loss of future earning capacity. [Id.]

Plaintiff's Original Petition was filed with the 138th Judicial District Court, Willacy County, Texas in November 2001 [see Dkt. No. 5 Ex. A]. Defendant filed a notice of removal to this Court on December 31, 2001 based on the amount in controversy exceeding $75,000. Plaintiff's Original Petition, however, pleads an amount less than $75,000 [id.].

Defendant has the burden to show that the amount in controversy meets the jurisdictional requirement. 28 U.S.C. §1441(a). "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed

'in good faith.'" Horton v. Liberty Mutual Ins. Co., 367 U.S. 348 (1961). The Court may use "common sense" in making the amount of controversy determination. See Williams v. State Farm Mut. Auto Ins. Co., 931 F. Supp. 469, 472 (S.D. Tex. 1995).

Defendant's Notice of Removal states, "Although Plaintiff 'pleads' for damages less than $75,000, the amount in controversy, exclusive of interests and costs, clearly exceeds the sum or value of $75,000." [Dkt. No. 1 at 2]. To support this contention, Defendant attaches the affidavit of Defendant's Counsel Gary Sarles, who attaches a settlement brochure sent to his law firm by Plaintiff's counsel demanding $150,000 to settle the claim [id. Attachment 6, Ex. A]. Plaintiff, in rebuttal, attaches the affidavit of Plaintiff's counsel [Dkt. No. 5, Ex. B]. It states that a) Plaintiff's medical expenses to date are $528.12; b) that the Original Petition was prepared and filed in good faith; and c) that Plaintiff is willing to clarify its Original Petition by filing a stipulation and/or affidavit binding him to an amount less than $75,000.

## II   Legal Certainty

To defeat diversity jurisdiction, Plaintiff may show to a legal certainty that he is not entitled to recover more than $75,000. See Aguilar v. Boeing, 47 F.3d 1404, 1412 (5th Cir. 1995). "Plaintiff's 'legal certainty' obligation might be met in various ways . . . . Plaintiff's state complaint might cite, for example, to a state law that prohibits recovery of damages that exceed those requested . . . and that prohibits recovery of damages that exceed those requested . . . litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints . . ." Id. at 1412; Cross v. Bell Helmets, U.S.A., 927 F. Supp. 209, 214 (E.D. Tex. 1996) (discussing binding by affidavit or stipulation).

Defendant has met its burden of showing that the amount in controversy exceeds the jurisdictional amount by a preponderance of the evidence by attaching the settlement brochure. [Dkt. No 1 Attachment 6, Ex. A]; Aguilar at 1411. The burden therefore becomes Plaintiff's to show that, "as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." Id. Plaintiff has filed no stipulation or affidavit binding him to an

amount less than the jurisdictional amount. The willingness of Plaintiff's attorney to so bind Plaintiff at this time is not the same as having already done so, and this is a relevant distinction (see Part III, infra) especially in light of the fact that Plaintiff has not otherwise shown to a legal certainty that he is not entitled to such an amount. Moreover, it is not facially apparent that the claim will not exceed the jurisdictional amount.[1]

III     Post-Removal Affidavit or Stipulation

Plaintiff's attorney states in his affidavit that Plaintiff would be willing to file an affidavit or stipulation binding Plaintiff to an award less than $75,000 at this time. Defendant argues that Plaintiff may not file an affidavit or stipulation binding himself to an amount less than $75,000 post-removal. "[O]nce a defendant has removed the case [later filings are] irrelevant." Aguilar at 1412.

An exception has been drawn for clarifications of ambiguous state court petitions. In ANPAC, the original petition did not allege a specific amount in damages, only that "damages far exceeded the minimum jurisdictional limits of this court." Id. at 562. Plaintiffs moved to remand the case to state district court, attaching an affidavit from Plaintiff's attorney declaring that no individual fisherman suffered a loss greater than $50,000, (the amount required at the time to support diversity jurisdiction). Id. at 563. Moreover, the Plaintiffs had "never represented that their individual claims are worth more than $50,000." Id. at 564. Considering these factors together: a) that the claims were not facially likely to exceed the jurisdictional amount; b) that the attorney affirmatively declared in his affidavit that the amount would not exceed $50,000; and c) that the Plaintiffs had never claimed an amount exceeding the jurisdictional amount, the Court held that remand was proper. The Court made clear, however, that "a Plaintiff

---

[1] In Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A., the Fifth Circuit allowed a post-removal affidavit clarifying the amount in controversy. Id., 988 F.2d 559, 565 (5th Cir. 1993) abrogated on other grounds at 145 F.3d 211 (5th Cir. 1998) ("ANPAC") The claims alleged in ANPAC were "skin injuries," and the Court noted that "even a fairly sustained loss of income to a small-scale fisherman in Colombia seems unlikely to reach $50,000." Id. at 565.

3

may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached. Id. at 565 quoting St. Paul Mercury v. Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938) (emphasis from ANPAC).

The narrow circumstances present in ANPAC are not present here because: a) the affidavit of Plaintiff's attorney does not state that Plaintiff is not legally entitled to more that $75,000, nor does it bind Plaintiff in any way to that ceiling; b) Plaintiff has affirmatively sought an amount greater than $75,000 in the settlement brochure; and c) it is not facially unlikely that the claim will not exceed $75,000, as Plaintiff's allegations include "serious and debilitating injuries," mental anguish, and several varieties of future medical and lost wage expenses. [See Dkt. No. 5 Ex. A]. Plaintiff will not therefore be permitted to file an affidavit or stipulation post-removal, since such affidavit or stipulation would not be for clarification but rather for amendment purposes. See ANPAC at 565. Plaintiff's Motion for Remand is therefore **DENIED**.

Additionally, Plaintiff's request for an award of reasonable attorneys' fees and costs pursuant to 28 U.S.C. §1447 is accordingly **DENIED**.

DONE this ___7___ day of May, 2002 at Brownsville, Texas.

Hilda G. Tagle
United States District Judge