*14*

# Civil  Courtroom  Minutes

United States District Court
Southern District of Texas
FILED

MAY 1 3 2002

Michael N. Milby
Clerk of Court

| JUDGE | Hilda G. Tagle |
|---|---|
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Roberts          ■ Lehrman |

| DATE | 05 | 13 | 02 |
|---|---|---|---|

| TIME | 2:25 | p.m. | 2:35 | p.m. |
|---|---|---|---|---|
|  | 2:50 | p.m. | 3:10 | p.m. |

| CIVIL ACTION | B | 01 | 14 214 |
|---|---|---|---|

| STYLE | Ramirez |
|---|---|
|  | *versus* |
|  | AFC Enterprises |

DOCKET ENTRY

(HGT)  ☑ ~~Pre-Trial Hearing~~ Scheduling Conf;          (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):     Aaron Vela, Ricardo Garcia (not present)


Attorney(s) for Defendant(s):   Gary Duane Sarles (not present), Douglas Bracken


☐      Comments:

     The Court inquired about Mr. Vela's motion to appear for Mr. Garcia [Dkt. No. 13].  The Court stated that she would not grant it without knowing why Mr. Garcia would not appear.  Mr. Bracken stated that his plane was late, and he apologized.  Mr. Vela stated that he is an attorney of record, although not lead counsel.   The Court stated that Mr. Garcia can't tell the Court on his own who would be appearing; he should have apprised the Court when he knew.   For purposes of his hearing the Court needs to be informed why he is not appearing.  Mr. Vela said he would call him and find out the reason.  The Court recessed.

     The Court reconvened and recalled the case.  Mr. Vela stated that Mr. Garcia was in Atlanta taking depositions for a case scheduled for May 26; the depositions were not able to be moved.  The Court advised Mr. Vela that in the future she wants to know these things in advance.  The Motion to appear is **GRANTED**.



Mr. Bracken then stated that he is not the attorney in charge, and he didn't know of this requirement.   He didn't find the requirement in the rules.   The Court stated that if you are the attorney in charge you have to appear.   Mr. Bracken apologized; he did not know about the rule.

Mr. Vela addressed the joint case management plan.   Mr. Vela stated that he had gone through Mr. Garcia and had asked a legal assistant to fax the signed case managed plan, but it was not done. Mr. Vela stated that it was his assistant's fault and he would take the blame.   He also said he had not had the rules, but he knew he should have had them.   He agreed that it did not comply.

Mr. Vela recounted the facts of the case.   The client suffered a torn rotator cuff; pain& suffering, physical impairment, & loss of income & earning potential.

The judge looked at the motion to dismiss.   Mr. Bracken said he is waiving the request for attorney's fees before the Court but not the arbitrator.

The Court **GRANTED** the motion to dismiss without prejudice to refile in order to allow the Parties to pursue arbitration.